# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| AS BROADCAST LICENSEE OF THE | § | |
| JUNE 10, 2006, | § | |
| COTTO/MALIGNANNI EVENT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSE ARMANDO FLORES, INDIVIDUALLY | § | |
| AND D/B/A LITTLE CASITA MEXICAN | § | CIVIL ACTION H-09-1762 |
| RESTAURANT; | § | |
| | § | |
| AND | § | |
| | § | |
| MIGUEL ANGEL MADRID, INDIVIDUALLY | § | |
| AND D/B/A LITTLE CASITA MEXICAN | § | |
| RESTAURANT | § | |
| | § | |
| *Defendant*s. | § | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's request for entry of default and motion for default judgment against defendant Jose Armando Flores, individually and d/b/a Little Casita Mexican Restaurant. Dkts. 11, 12. For the following reasons, the request for entry of default is GRANTED and the motion for default judgment is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Joe Hand Promotions, Inc. ("Joe Hand"), is a broadcast licensee authorized to sub-license the closed-circuit telecast of the June 10, 2006 Miguel Cotto v. Paulie Malignanni WBO Junior Welterweight Championship Fight Program (the "Event"). Dkt. 4 at 3. Joe Hand was licensed to exhibit the Event at closed circuit locations, such as theaters, arenas, clubs, lounges, restaurants,

and other commercial establishments throughout Texas.  *Id.*  Commercial customers could receive and broadcast the program only through  purchase from J&J.  *Id.*  After receiving sublicense fees, Joe Hand provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal.  *Id.* at 4.

Defendant Jose Armando Flores is an individual residing in the State of Texas and is/was the owner and/or manager of Little Casita Mexican Restaurant, a commercial establishment located at 5121 Antoine Drive, Houston, Texas, 77092.  *Id.* at 1–2.  The complaint alleges that Flores unlawfully intercepted the Event signal and exhibited the Event to customers in its establishment without having paid the required fees.  *Id.* at 4.  Joe Hand claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to those sections.  *Id.* at 5.  Joe Hand served the defendant with process on July 6, 2009, but to date defendant has not filed a responsive pleading in the case.  Joe Hand now moves for entry of default and default judgment against Flores.

### ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant.  FED. R. CIV. P. 4(c)(1).  Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested.  S.D. TEX. L.R. 5.5.  Plaintiff properly served process on defendant by personally serving through a process server.  The summons was addressed to defendant and explained the consequences of not answering the complaint pursuant to the Federal Rules of Civil Procedure.  Plaintiff satisfied Local Rule 5.5 by mailing a copy of the request for entry of default and the motion for default judgment to

the defendant via certified mail, return receipt requested.  Accordingly, defendant was properly served in this case with process and plaintiff's default motion.

Under Rule 55 of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default."  Upon entry of default, all well-pleaded allegations in the complaint are assumed true.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  A defendant's default, however, "does not in itself warrant . . . entering a default judgment."  *Id.*  An entry of default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  *Id.*  "There must be a sufficient basis in the pleadings for the judgment entered."  *Id.*

In the present case, Joe Hand alleges in its complaint that Flores "willfully intercepted and/or received the interstate communication of the Event."  Dkt. 1, at 4.  Or, in the alternative, Flores "assisted in the receipt of the interstate communication of the Event."  *Id.*  Flores then "transmitted, divulged and published said communication . . . to patrons within the Establishment."  *Id.*  Joe Hand, however, fails to submit sufficient evidence to demonstrate that Flores committed these acts.  There is  no evidence that the Event was broadcast to patrons within the Establishment, let alone that Flores illegally intercepted the broadcast.  The sole piece of evidence submitted by Joe Hand is a copy of co-defendant Miguel Angel Madrid's Dish Network bill, which demonstrates only that Madrid ordered the event on his residential account.[1]  Dkt. 13, Ex. A-2.  Without more, the court cannot enter a default judgment against Flores.

---

[1] Madrid's DISH Network account does list his service address as 5121 Antoine Drive, the same address as that of Little Casita Mexican Restaurant.  Joe Hand, however, admits the DISH account is a residential account and not a business account.  *See* Dkt. 12, at 3.

## CONCLUSION

For the foregoing reasons, plaintiff's requests for entry of default is GRANTED and the motion for default judgment is DENIED.

It is so ORDERED.

Signed at Houston, Texas on November 4, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY